JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION - SANTA ANA)

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAD WARE, an individual also dba ADVENTURE CRUISE LINES; SCOTT McCLUNG, an individual; RAPTURE MARINE EXPEDITIONS, a corporation; CERTIFIED MARINE EXPEDITIONS, a corporation; SAFARI EXPLORER CHARTERS, LLC, a limited liability company; AMERICAN SAFARI CRUISES LLC, a limited liability company, INNERSEA DISCOVERIES LLC, a limited liability company, and SARAH MICHELLE SIMMONS as Special Administrator and Personal Representative of the ESTATE OF JEREMIAH JOHNSON, deceased,<br><br>　　　　Defendants. | Case No. 2:10-cv-06445-JST (RZx)<br><br>**JUDGMENT** |

　　WHEREAS, AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") filed a Complaint in this Court on August 27, 2010, pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333, seeking

declaratory relief to the effect that a certain excess marine protection and indemnity policy of insurance number 49716 (the "Excess Policy") did not obligate AMERICAN HOME to indemnify or defend any insured or third party with respect to any claim or liability arising out of the death of Jeremiah Johnson on February 11, 2007, which occurred during the course of a voyage aboard the vessel RAPTURE in waters near the state of Hawaii; and

WHEREAS, AMERICAN HOME named and served certain defendants, on the grounds that they were actual or potential claimants on the Excess Policy, or potential judgment creditors of the Excess Policy's named insureds and named additional insureds. Said defendants are set forth below, and each appeared in the Action:

CHAD WARE;

ADVENTURE CRUISE LINES;

SCOTT McCLUNG;

RAPTURE MARINE EXPEDITIONS;

CERTIFIED MARINE EXPEDITIONS;

SAFARI EXPLORER CHARTERS, LLC;

AMERICAN SAFARI CRUISES LLC;

INNERSEA DISCOVERIES LLC; and,

SARAH MICHELLE SIMMONS as Special Administrator and Personal Representative of the ESTATE OF JEREMIAH JOHNSON, deceased ("SIMMONS"); and

WHEREAS, AMERICAN HOME dismissed all defendants except SIMMONS pursuant to a certain LONG FORM AGREEMENT entered into among and between all parties to this action and certain non-parties; and

WHEREAS, SIMMONS is the sole remaining defendant herein and is a judgment creditor of RAPTURE MARINE EXPEDITIONS with respect to the death of Mr. Johnson. Said judgment arises from SIMMONS' prosecution of a

wrongful death action in the Superior Court of the State of California in and for the County of Orange, Case Number 30-2009-00306440 (the "Wrongful Death Action"), and was entered on September 29, 2011; and

WHEREAS, following certain post-judgment litigation in the Wrongful Death Action, SIMMONS is not a judgment creditor of any defendant therein other than RAPTURE MARINE EXPEDITIONS; and

WHEREAS, pursuant to the LONG FORM AGREEMENT, SIMMONS obtained an assignment from RAPTURE MARINE EXPEDITIONS of certain disputed indemnity rights SIMMONS claimed RAPTURE MARINE EXPEDITIONS was entitled to pursue against AMERICAN HOME with respect to the EXCESS POLICY and RAPTURE MARINE EXPEDITIONS's liability for the death of Jeremiah Johnson; and

WHEREAS, SIMMONS contended herein that she was entitled to indemnity from AMERICAN HOME for RAPTURE MARINE EXPEDITIONS's liability for the Wrongful Death Judgment by virtue of her status as RAPTURE MARINE EXPEDITIONS's assignee; and

WHEREAS AMERICAN HOME denied that the Excess Policy obligated it to indemnify RAPTURE MARINE EXPEDITIONS (or its assignee SIMMONS) for any liability whatsoever where RAPTURE MARINE EXPEDITIONS was not an insured on the Excess Policy; and

WHEREAS on November 21, 2012, AMERICAN HOME moved for partial summary judgment[1] against SIMMONS on the grounds that her assignor RAPTURE MARINE EXPEDITIONS had no rights under the Excess Policy

---

[1] At the time the motion was filed, SIMMONS was also the judgment creditor and assignee of CHAD WARE. As the motion did not address Mr. Ware's rights under the policy, it was brought as a *partial* summary judgment. After the motion was filed, the judgment against CHAD WARE was vacated by the California Court of Appeal. As such, SIMMONS' only claim on the Excess Policy arises from her status as the judgment creditor and assignee of RAPTURE MARINE EXPEDITIONS, and the motion is therefore properly construed as a motion for summary judgment.

1  because RAPTURE MARINE EXPEDITIONS was not a named or additional
2  insured on the Excess Policy; and
3       WHEREAS, SIMMONS contended in her opposition that RAPTURE
4  MARINE EXPEDITION had rights under certain insurance documents, including
5  a binder, by virtue of its status as an "operator" of the RAPTURE, notwithstanding
6  that it was not named as an insured on the binder or on the EXCESS POLICY; and
7       WHEREAS, AMERICAN HOME's motion for summary judgment came on
8  for hearing on April 5, 2013, and the Court heard oral argument from counsel for
9  AMERICAN HOME and for SIMMONS; and
10      WHEREAS the Court issued an Order dated April 10, 2013, GRANTING
11 the motion and holding that AMERICAN HOME had no indemnity obligation to
12 RAPTURE MARINE EXPEDITIONS (SIMMONS' assignor) under the Excess
13 Policy or the Binder where RAPTURE MARINE EXPEDITIONS was not named
14 as an insured; and
15      WHEREAS, it is undisputed that SIMMONS has no rights of her own with
16 respect to the EXCESS POLICY where she is neither an insured nor has any
17 liability for the death of Jeremiah Johnson;
18      NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND
19 DECREED that AMERICAN HOME's Excess Policy does not obligate it to
20 indemnify SIMMONS (in her own right or as the assignee of RAPTURE MARINE
21 EXPEDITIONS) for any judgment or liability arising out of the death of Jeremiah
22 Johnson, including without limitation, the judgment SIMMONS obtained against
23 RAPTURE MARINE EXPEDITIONS in the Wrongful Death Action.
24      Each party shall bear its own fees and costs.
25      IT IS SO ORDERED.
26
27 Dated: April 29, 2013
28                              Honorable Josephine Staton Tucker
                                United States District Court Judge